No. 18-10732

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

IN RE: JULIUS OMAR ROBINSON
MOVANT

_____

CONSOLIDATED WITH CASE NO. 18-70022

United States of America,
*Plaintiff-Appellee*
v.
Julius Omar Robinson,
*Defendant-Appellant*

_____

On Appeal from, and Motion for Authorization to File a Second or Successive § 2255 Motion in, the United States District Court for the Northern District of Texas, Fort Worth Division, Civ. Action No. 4:05-cv-756

_____

**UNOPPOSED MOTION FOR CLARIFICATION OF COURT ORDER**

HILARY POTASHNER
FEDERAL PUBLIC DEFENDER
JONATHAN C. AMINOFF (California Bar No. 259290)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-5374
Facsimile: (213) 894-0310
E-mail: jonathan_aminoff@fd.org

Attorneys for Julius Omar Robinson

**THIS IS A CAPITAL CASE**

To the Honorable United States Court of Appeals for the Fifth Circuit:

Julius Robinson respectfully requests clarification of this Court's Order, dated July 17, 2018, granting in part and denying in part his Unopposed Motion to Vacate the Due Date for Robinson's Motion for Authorization to File a Second § 2255 Motion or, Alternatively, Motion to Extend Time to File Motion for Authorization (filed July 16, 2018). Specifically, Robinson seeks clarification with regard to the status of his opening brief in the consolidated appeal, namely (1) the filing date for the opening brief in this consolidated matter; and (2) his need for a Certificate of Appealability ("COA") permitting him to proceed with his appeal of the district court's order denying his Rule 60(b)(6) motion.

On July 10, 2018, this Court *sua sponte* consolidated Case No. 18-10732 (wherein the district court transferred Robinson's Rule 60(b)(6) motion to this Court as a second or successive § 2255 motion) and Case No. 18-70022 (Robinson's appeal of the district court's finding that Robinson's Rule 60(b)(6) motion was an unauthorized second or successive § 2255 motion). In his motion filed July 16, 2018, Robinson asked this Court, *inter alia*, to vacate the July 23, 2018 deadline to file the motion for authorization to file a second or successive § 2255 motion and set a new date to coincide with the deadline for Robinson to file his opening appellate brief in the consolidated case. In the alternative, if this Court was not inclined to join the due dates for the two filings, Robinson requested

1

an extension of time to and including September 1, 2018, to file the Motion for Authorization.

In its July 17, 2018 Order, this Court stated that "movant's unopposed motion for an extension of time to file the motion for authorization simultaneously with *the motion for certificate of appealability and brief in support* is GRANTED in part and DENIED in part. The deadline for the motion for authorization is extended to August 7, 2018." Dkt. Entry Date July 17, 2018 ("Order") (emphasis added).

***Timing of the Opening Brief.*** Pursuant to Federal Rule of Appellate Procedure 31(a), Robinson intended to file an opening brief within 40 days after the record is filed. *See* FRAP 31(a). The record on appeal has not yet been filed. However, because Robinson's July 16, 2018 motion sought to combine the filing dates of the motion for authorization to file a second § 2255 motion and the opening brief, the wording of the Order leaves Robinson unclear about what the Court expects to be filed on August 7, 2018. Robinson intends to file his motion for authorization to file a second or successive § 2255 motion on August 7, but he does not intend to file his opening brief on that day and instead will file the opening brief within 40 days after the record on appeal is filed. Robinson respectfully requests this Court's guidance if his intentions run afoul of this Court's wishes.

***Need for a COA.*** This Court's July 17, 2018 Order describes Robinson's appeal as including a "motion for certificate of appealability and brief in support." Order at 2. However, the district court transferred the case to this Court for a determination under § 2255(h) (Dist. Court Case No. 05-CV-756, Dkt. No. 18 at 10) and determined that no COA was required (*Id*. at Dkt. No. 22). *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015) (permitting transfer and finding that a COA requirement for this type of proceeding presents a judicially inefficient procedural mechanism).

The caselaw of this Circuit indicates that a COA is not required either for transfer cases or on appeal of a district court's finding that a Rule 60(b) motion is a second or successive petition. *See Fulton*, 780 U.S at 688; *In re Bradford*, 660 F.3d 226, 229 (5th Cir. 2011). However, in light of the language used in this Court's July 17, 2018 Order, Robinson seeks clarification as to whether he will be expected to file a request for a COA along with his initial opening brief in this matter.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

Dated: July 31, 2018      By */s/ Jonathan C. Aminoff*
JONATHAN C. AMINOFF
Deputy Federal Public Defender
Attorneys for Julius Omar Robinson

## CERTIFICATE OF CONFERENCE

I certify that on July 31, 2018, I spoke with Assistant United States Attorney Timothy Funnell, counsel for Respondent-Appellee, regarding this motion. Mr. Funnel indicated that he does not oppose this motion.

## CERTIFICATE OF SERVICE

I certify that, on July 31, 2018, I electronically filed the foregoing document in the Fifth Circuit Court of Appeals using the Court's electronic case filing system. Because counsel for the United States of America, Assistant United States Attorney Timothy Funnel, has not yet entered a notice of appearance in this case, I emailed a copy of this document to Mr. Funnel on July 31, 2018.

*/s/ Jonathan C. Aminoff*
JONATHAN C. AMINOFF