# 18-10732

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

**In re:  JULIUS OMAR ROBINSON,**
Movant

--------------------------------------------------------------------------------

Consolidated with 18-70022

**UNITED STATES OF AMERICA,**
Plaintiff-Appellee

v.

**JULIUS OMAR ROBINSON,**
**also known as Face,**
**also known as Scar, also known as Scarface,**
Defendant-Appellant

---

On Appeal from the United States District Court
For the Northern District of Texas
Fort Worth Division - District Court No. 4:05-CV-756-Y

---

**APPELLEE'S BRIEF**

---

Erin Nealy Cox
United States Attorney

Gail Hayworth
Assistant United States Attorney
Texas Bar No. 24074382
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone:  (214) 659-8600
gail.hayworth@usdoj.gov

# <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Oral argument is unnecessary.  Robinson raises one issue—whether the district court properly construed his Rule 60(b) motion as a second or successive Section 2255 motion—which is readily resolved on the established precedent.

# **TABLE OF CONTENTS**

**Page**

STATEMENT REGARDING ORAL ARGUMENT.....................................i

TABLE OF AUTHORITIES ..............................................................iii

STATEMENT OF JURISDICTION........................................................ 1

STATEMENT OF THE ISSUE ............................................................. 1

STATEMENT OF THE CASE ............................................................. 1

SUMMARY OF THE ARGUMENT........................................................ 8

ARGUMENT AND AUTHORITIES........................................................ 9

    1.    The district court properly construed Robinson's Rule 60(b) motion as a second or successive Section 2255 motion ................ 9

        A.    Robinson's Rule 60(b) contention that both the district court and this Court erred in denying him a COA is properly characterized as a second or successive Section 2255 motion ................................................................. 14

        B.    Robinson's Rule 60(b) contention that the district court erred in denying his request to interview jurors is properly considered a second or successive Section 2255 motion .... 20

        C.    Robinson's Rule 60(b) contention that the district court erred in denying his motion to amend is properly considered a second or successive Section 2255 motion. ... 25

CONCLUSION..................................................................................... 30

CERTIFICATE OF SERVICE ............................................................. 31

CERTIFICATE OF COMPLIANCE ....................................................... 31

# TABLE OF AUTHORITIES

**Federal Cases**                                                   **Page(s)**

*Balentine v. Thaler*, 626 F.3d 842 (5th Cir. 2010) ............................... 12, 24, 25

*Blystone v. Horn*, 664 F.3d 397 (3d Cir. 2011) ................................................ 21

*Bracy v. Gramley*, 520 U.S. 899 (1997) ........................................................ 20

*Buck v. Davis*, 137 S. Ct. 759 (2017) .....................................................*passim*

*Clark v. United States*, 764 F.3d 653 (6th Cir. 2014) ..................................... 26

*Flores v. Stephens*, 794 F.3d 494 (5th Cir. 2015) .......................................27, 28

*Gonzalez v. Crosby*, 545 U.S. 524 (2005) ...............................................*passim*

*Gonzalez v. Thaler*, 565 U.S. 134 (2012) ....................................................... 16

*Gonzalez-Lopez*, 126 S. Ct. 2557 (2006) ....................................................... 28

*Haynes v. Quarterman*, 526 F.3d 189 (5th Cir. 2008) ................................. 6, 16

*In re Bradford*, 660 F.3d 226 (5th Cir. 2011) .................................................... 1

*In re Coleman*, 768 F.3d 367 (5th Cir. 2014) ............................................. 9, 13

*In re Edwards*, 865 F.3d 197 (5th Cir. 2017) ..........................................*passim*

*Louisiana*, 138 S. Ct. 1500 (2018) ................................................................ 29

*Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*,
   195 F.3d 765 (5th Cir. 1999) ................................................................ 27

*Miller-El v. Cockrell*, 537 U.S. 322 (2003) ................................................. 5, 16

*Pena-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017) ........................................ 6

*Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007) ............................... 24, 25, 29

**Federal Cases, continued**                                                      **Page(s)**

*United States v. Edwards*, 442 F.3d 258 (5th Cir. 2006) .................................. 18

*United States v. Fields*, 761 F.3d 443 (5th Cir. 2014) ................................20, 21

*United States v. Hernandes*, 708 F.3d 680 (5th Cir. 2013) .........................11, 14

*United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006) ................................. 26

*United States v. Resendiz-Ponce*, 127 S. Ct. 782 (2007) ................................. 28

*United States v. Riley*, 544 F.2d 237 (5th Cir. 1976) ....................................... 24

*United States v. Robinson*, 367 F.3d 278 (5th Cir.),
  *cert. denied*, 543 U.S. 1005 (2004) ....................................................2, 28, 30

*Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994) .............................................. 21

*Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017)......................................... 7, 29

*Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016) ....................................... 7, 29

*Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010) .......................................... 11

**Federal Statutes and Rules**

28 U.S.C. § 2244(b) ............................................................................. 10

28 U.S.C. § 2255(h)............................................................................. 10

Fed. R. App. P. 4(b) ............................................................................... 1

Fed. R. Civ. P. 60(b) ....................................................................*passim*

Rule 6 of the Rules Governing 28 U.S.C. § 2255........................................... 20

## STATEMENT OF JURISDICTION

This is a direct appeal from an order construing Robinson's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) as a second or successive Section 2255 motion and transferring the motion to this Court. The district court had jurisdiction to order the transfer under 28 U.S.C. § 1631, and this Court has jurisdiction under 28 U.S.C. §§ 1631, 2255, and the collateral order doctrine. *In re Bradford*, 660 F.3d 226, 228-29 (5th Cir. 2011). The district court entered the transfer order on June 20, 2018, and Robinson timely filed the notice of appeal on June 29, 2018. Fed. R. App. P. 4(b). (ROA.153-62, 164-65.)

## STATEMENT OF THE ISSUE

Is Robinson's Rule 60(b)(6) motion, despite its label, actually a second or successive Section 2255 motion?

## STATEMENT OF THE CASE

In March 2002, a jury found Robinson guilty of the murders of Johnny Lee Shelton and Juan Reyes and of complicity in a criminal enterprise resulting in the death of Rudolfo Resendez. (ROA.3151.) In June 2002, the district court accepted the jury's recommendation and sentenced Robinson to death for the murders of Shelton and Reyes and life in prison for the death of Resendez. (ROA.3410-13.) In 2004, this Court affirmed the judgment and the

1

Supreme Court denied review.  *See United States v. Robinson*, 367 F.3d 278 (5th Cir.), *cert. denied*, 543 U.S. 1005 (2004).

In November 2005, Robinson filed his first motion for post-conviction relief under Section 2255.  (ROA.3565.)  He claimed that he received ineffective assistance of trial counsel, was denied equal protection and due process, and was entitled to a new trial.  (ROA.3565-68, 4962, 4989-94, 5313-14.)  Over the ensuing months and years, he supplemented his post-conviction claims with additional arguments and evidence, and ultimately, the Section 2255 filings before the district court included his initial motion, the government's response, his reply, his amendment to the motion, his supplemental pleading, the government's response to the supplemental pleading, and his reply in support of his supplemental pleading.  (ROA.3565, 4398, 4610, 4962, 5313, 5658, 5676.)

In January 2008, the district court denied Robinson's request to amend his Section 2255 motion by adding a defective-indictment claim.  (ROA.5303-07.)  The district court explained that the issue had been decided adversely on direct appeal; the recent Supreme Court cases that Robinson cited were inapplicable; and even if the cases did apply, they demonstrated procedural error that was not retroactively applicable on collateral review to a final judgment like Robinson's.  (ROA.5304-06.)

In November 2008, the district court issued a 46-page memorandum opinion and written order denying Robinson's Section 2255 motion. (ROA.5712-57.) It concluded that an evidentiary hearing was unnecessary because "the record . . . , including the exhibits submitted by Robinson with his motion, [did] not create any contested fact issues that [were required to] be resolved in order to decide Robinson's claims." (ROA.5756.) It further explained that an evidentiary hearing was not required for the following reasons:

> With regard to the claims for which Robinson has submitted additional evidence, the Court has decided these claims either by assuming that everything Robinson alleges is true[,] or based on legal, not factual, bases. Accordingly, because the record before this Court shows conclusively that Robinson is not entitled to relief, his request for an evidentiary hearing is denied.

(ROA.5756-57.) Having assumed the truth of Robinson's factual allegations, the district court concluded that each of his claims lacked merit. (*See generally* ROA.5725-56.)

Robinson moved for reconsideration, claiming that the district court's denial of an evidentiary hearing was a "manifest error of law." (ROA.5767.) The government opposed the motion, (ROA.5841-49), and on February 17, 2009, the district court issued an order denying reconsideration, (ROA.5850). First, it observed that because the cases cited by Robinson were inapplicable,

its decision to deny relief was not manifestly wrong.  (ROA.5851-53.)  Next, it rejected each of Robinson's points of error, repeating its earlier determination that an evidentiary hearing was unnecessary because the claims were conclusively resolved based on (i) legal questions and (ii) facts that were undisputed or assumed to be true as Robinson had alleged.  (ROA.5853-56.) The district court made clear that an evidentiary hearing was pointless because its analysis did not suffer from factual gaps or disputes:

> As the Court held in its memorandum opinion and order denying Robinson's motion to vacate (Doc. #2453), the record before this Court, including the exhibits submitted by Robinson with his motions, do not create any contested fact issues with regard to Robinson's insufficiency-of-counsel claims that must be resolved in order to decide his case.  To the contrary, many of Robinson's claims are based on the record from the trial.  And, with regard to the claims for which Robinson has submitted additional evidence, the Court has decided these claims based on uncontested allegations of fact and, where facts are contested, by assuming that what Robinson alleges is true, or based on legal, not factual, bases.  Accordingly, because the record before this Court shows conclusively that Robinson is not entitled to relief, his motion to reconsider the Court's denial of his request for an evidentiary hearing on his remaining claims for relief is DENIED.

(ROA.5856.)

In conjunction with Robinson's Section 2255 motion—and of relevance here—he moved for permission to interview jurors during the post-conviction

4

proceedings. (ROA.4893.) The government opposed the motion, (ROA.4906), and in a written order, the district court denied the request without a hearing, (ROA.4914-17). It explained that Robinson did "not state that he ha[d] any reason to suspect that his jury was actually partial, but merely point[ed] to the importance of his right to an impartial jury under the Sixth Amendment and argue[d] that he ha[d] no other way of discovering whether this right has been violated than to interview his trial jurors." (ROA.4914.) It also rejected his alternative request to interview a prospective-but-excused juror regarding a potential *Batson* violation. (ROA.4914, 4917.) It determined that Robinson's hypothetical *Batson* challenge was unrelated to the prosecutor's state of mind in exercising the peremptory strike, and thus, "the requested permission for a post-trial interview of this prospective juror would appear neither useful to a *Batson* analysis nor necessary to protect any of [Robinson]'s rights." (ROA.4917.)

In April 2009, Robinson moved for a certificate of appealability ("COA") from the denial of Section 2255 relief. (ROA.5860.) The district court issued a written order denying Robinson's request for a COA. (ROA.5938-42.) In it, the district court applied Supreme Court and Fifth Circuit precedent governing the COA determination, including *Miller-El v.*

*Cockrell*, 537 U.S. 322 (2003), and *Haynes v. Quarterman*, 526 F.3d 189 (5th Cir. 2008). (*See generally id.*)

Having been denied post-conviction relief and a COA by the district court, Robinson moved this Court for authorization to appeal. In June 2010, this Court denied Robinson's request for a COA, and in August 2010, it denied his petition for panel rehearing and rehearing en banc. (ROA.54-66.) Robinson then sought relief before the Supreme Court, which denied certiorari review on October 3, 2011. (ROA.68-69.)

On February 9, 2018, more than six years and four months after the denial of certiorari, Robinson filed in the district court the Rule 60(b)(6) motion at issue here. (ROA.75.) Specifically, he raised three arguments, citing Supreme Court cases decided after the district court denied his Section 2255 motion. First, he argued that the district court, as well as this Court, erroneously denied him a COA to appeal the district court's denial of his Section 2255 motion under *Buck v. Davis*, 137 S. Ct. 759 (2017), by making a COA determination on the merits rather than simply asking whether the district court ruling was debatable. (ROA.85-89.) Second, he argued that the district court erroneously denied his request to interview jurors under *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017). (ROA.89-91.) Third, he argued that the district court erroneously denied his request to amend his Section 2255

6

motion to add an indictment-error claim under *Weaver v. Massachusetts*, 137 S.
Ct. 1899 (2017), and *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016).
(ROA.92-100.)

The district court construed Robinson's Rule 60(b) motion as "a second
or successive petition under 28 U.S.C. § 2255(h)" and transferred it to this
Court for a determination of whether the motion should be certified under
Section 2255(h). (ROA.161-62.) The court explained that, to the extent
Robinson seeks to reopen the district court's order denying a COA, it was not
a proper Rule 60(b) motion, because it did not seek to reopen a procedural
decision that precluded a merits determination. (ROA.157.) It further
emphasized that "[t]he denial of [the] COA did not preclude a merits
determination," but in fact, it "*followed* [the court's] merits-based ruling on the
ineffective-trial-counsel claim" raised in Robinson's Section 2255 motion.
(ROA.157 (emphasis added).) Because "Robinson simply [sought] vindication
of the claim through a second round of appellate review," the court concluded
that his COA argument was, "if not in substance a habeas corpus application,
at least similar enough that failing to subject it to the same requirements would
be inconsistent with the statute governing successive petitions." (ROA.157.)

With respect to Robinson's reassertion of a request to interview jurors,
the district court emphasized that "the only legitimate purpose for which the

Court could grant the requested discovery is for Robinson to present a [new] claim for relief," and a Rule 60(b) motion that presents a new habeas claim should be treated as a second or successive motion. (ROA.156, 158.)

With respect to Robinson's argument that the district court erred in denying his motion to amend his Section 2255 motion to add a claim alleging indictment error, the district court emphasized that Robinson "seeks vindication of a substantive claim [i.e., the indictment-error claim] previously denied on appeal" and "leverages 'procedural' errors" in order to present a new habeas claim to challenge his conviction. (ROA.160-61.)

In sum, because Robinson's Rule 60(b) motion "raise[d] new claims or [sought] to relitigate claims decided on the merits," the district court construed it as a second or successive Section 2255 motion, determined it was without jurisdiction to hear the motion, and transferred it to this Court. (ROA.161-62.) Robinson now appeals that determination.

### SUMMARY OF THE ARGUMENT

Robinson's Rule 60(b) motion is properly construed as a second or successive Section 2255 motion. His contention that the district court and this Court erred in denying him a COA attacks the district court's previous resolution of his ineffective-assistance-of-counsel claim on the merits and seeks vindication of the claim through a second round of appellate review. His contention that the district court erred in denying his request to interview

jurors presumes that he can raise a new claim of juror misconduct. And his contention that the district court erred in denying his motion to amend his Section 2255 motion to add a new claim of indictment-error both seeks to raise a new claim and attacks the district court's merits-based resolution of the proposed claim when it denied leave to amend. Thus, although "couched in the language of a true Rule 60(b) motion," each of Robinson's arguments "is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' [the Antiterrorism and Effective Death Penalty Act]." *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). The Court should affirm the district court's construction of Robinson's Rule 60(b) motion as a second or successive Section 2255 motion.

## ARGUMENT AND AUTHORITIES

**1.** **The district court properly construed Robinson's Rule 60(b) motion as a second or successive Section 2255 motion.**

### Standard of Review

This Court reviews de novo the district court's construction of a prisoner's Rule 60(b) motion as a second or successive Section 2255 motion. *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014).

**Discussion**

The law limits a criminal defendant to one Section 2255 motion unless

he meets certain requirements. Specifically, the Antiterrorism and Effective

Death Penalty Act (AEDPA) imposes three requirements on second or

successive habeas petitions and Section 2255 motions:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. [28 U.S.C.] § 2244(b)(1).
>
> Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2).
>
> Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

*Gonzalez*, 545 U.S. at 529; *see also* 28 U.S.C. §§ 2244(b) and 2255(h) (providing

that a second or successive Section 2255 motion "must be certified as provided

in section 2244").

Federal Rule of Civil Procedure 60(b), on the other hand, "allows a party

to seek relief from a final judgment, and request reopening of his case, under a

limited set of circumstances, including fraud, mistake, and newly discovered

evidence." *Gonzalez*, 545 U.S. at 528. Rule 60(b)(6), the particular provision

under which Robinson brought his motion, is a "catchall provision" that

permits reopening when the movant shows "any other reason [beside the more

specific circumstances set out in (b)(1)-(5)] that justifies relief." *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017). To succeed, movants under Rule 60(b)(6) "must show: (1) that the motion [was] made within a reasonable time; and (2) extraordinary circumstances exist that justify the reopening of a final judgment." *Id.* (citing *Gonzalez*, 545 U.S. at 535).

"Because of the comparative leniency of Rule 60(b) [versus AEDPA], petitioners sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions." *Id.* (citing as exemplary *Gonzalez*, 545 U.S. at 531-32). To ensure that habeas petitioners do not use Rule 60(b) to circumvent AEDPA's requirements for second-or-successive petitions, the Supreme Court has held that if a Rule 60(b) motion asserts, or reasserts, a federal basis for relief from the petitioner's underlying conviction, it should be treated as a successive habeas petition and subjected to AEDPA's requirements—regardless of its label. *Gonzalez*, 545 U.S. at 531-32, 539.[1] For example, the Supreme Court has held that a Rule 60(b) motion that seeks to present a new ground for relief from the judgment of conviction, or a Rule 60(b) motion that attacks the federal court's previous resolution of a

---

[1] Although *Gonzalez* specifically addressed only the extent to which Rule 60(b) applies to Section 2254 habeas proceedings, "[n]early every circuit," including this Court, "has applied the *Gonzalez* rationale to federal prisoners seeking habeas relief under Section 2255." *Williams v. Thaler*, 602 F.3d 291, 302 (5th Cir. 2010); *see also United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (applying *Gonzalez* to a Section 2255 motion).

habeas claim "on the merits," should be treated as a successive habeas petition, "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532; *In re Edwards*, 865 F.3d at 203-04.

A district court's resolution of a habeas claim is "on the merits" when the court determines that there are or are not "grounds entitling [the] petitioner to habeas corpus relief," as opposed to when the court resolves the claim based on a ruling that "precluded a merits determination"—such as a denial for "failure to exhaust, procedural default, or [a] statute-of-limitations bar." *Id.* at 204 (quoting *Gonzalez*, 545 U.S. at 532 n.4). Thus, "to bring a proper Rule 60(b) claim, a movant must show 'a non-merits-based defect in the district court's earlier decision on the federal habeas petition.'" *Id.* (quoting *Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010)). Or, stated otherwise, "if the Rule 60(b) motion attacks 'some defect in the integrity of the federal habeas proceedings,' rather than the resolution on the merits, then the motion is not treated as a second-or-successive petition." *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

This Court has emphasized, however, that "it is extraordinarily difficult to bring a claim of procedural defect rather than a successive habeas claim."

*Id.* at 205.  Indeed, in evaluating the nature of a motion brought under Rule 60, "[p]rocedural defects are narrowly construed." *Id.*

> They include fraud on the habeas court, as well as erroneous previous rulings which precluded a merits determination—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.  They generally do not include an attack based on the movant's own conduct, or his habeas counsel's omissions, which do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably.

*Id.* (quoting *In re Coleman*, 768 F.3d at 371-72 (holding that arguments regarding habeas counsel's neglect of specific arguments attacked the court's merits-based ruling, not a procedural defect)).

In his Rule 60(b) motion, Robinson argued, based on intervening case law, that (1) both the district court and this Court erred in denying him a COA to appeal the district court's denial of his Section 2255 motion because they applied an erroneously high standard; (2) the district court erroneously denied his request to interview jurors; and (3) the district court erroneously denied him the right to amend his Section 2255 motion to add a claim.  Although "couched in the language of a true Rule 60(b) motion," each of these arguments "is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' [AEDPA]."  *See Gonzalez*, 545 U.S. at 531.

**A. Robinson's Rule 60(b) contention that both the district court and this Court erred in denying him a COA is properly characterized as a second or successive Section 2255 motion.**

After the district court denied Robinson's Section 2255 motion on the merits, Robinson filed an application for a COA in the district court on two questions: (1) whether he received ineffective assistance of counsel at the sentencing phase, and (2) whether the district court was required to hold an evidentiary hearing on that issue. (ROA.57.) The district court denied the application, and Robinson sought authorization to appeal from this Court, which also denied a COA. (ROA.64.) Robinson then sought relief before the Supreme Court, which denied certiorari review. (*See* ROA.68-69.)

More than six years later, Robinson filed a Rule 60(b)(6) motion seeking to reopen the Section 2255 proceedings, asserting that this Court and the district court had erroneously denied him a COA. (ROA.86.) But, as the district court held, this contention is not a proper basis for a Rule 60(b)(6) motion because it does not seek to reopen a ruling that *precluded* a merits determination of his ineffective-assistance-of-counsel claim. To the contrary, it seeks to reopen a ruling (the denial of a COA) that *followed* the district court's merits-based ruling on Robinson's ineffective-assistance-of-counsel claim. (ROA.157.) *See United States v. Hernandes*, 708 F.3d 680, 681-82 (5th Cir. 2013) (holding that movant's Rule 60(b) motion was a second or successive Section 2255 motion where the ruling that "precipitated the Rule 60(b) motion" "was

14

*the result* of a merits determination—not a procedural technicality that precluded a merits determination") (emphasis added).

Moreover, Robinson's argument that this Court and the district court should have issued a COA because the district court's merits-based resolution of his ineffective-assistance-of-counsel claim was, at the very least, "debatable" certainly attacks the district court's merits-based resolution of the claim and seeks vindication of the claim through a second round of appellate review. *See Gonzalez*, 545 U.S. at 531-32. Because the filing is, "if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be inconsistent with [AEDPA]," the district court properly construed Robinson's Rule 60(b) contention that this Court and the district court erroneously denied him a COA as a second or successive Section 2255 motion. *Id.* at 531.

Robinson asserts that "there is no question that a COA determination is strictly procedural." (Brief at 15.) But the "strictly procedural" nature of a COA determination is not as clear as Robinson supposes. The examination at the COA stage, after all, is "a threshold inquiry into the underlying *merit* of the [habeas] claims," which asks only if the district court's decision was "debatable." *Buck*, 137 S. Ct. at 774 (emphasis added). In other words, the COA determination is a threshold merits-determination where the burden on

the prisoner is lower—requiring only a showing that it is "debatable" that the district court erred. *See id.*; *see also Gonzalez v. Thaler*, 565 U.S. 134, 143 (2012) (noting that the threshold inquiry is "largely duplicative" of the ultimate merits question); *Haynes*, 526 F.3d at 193 ("[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [to obtain a COA] is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims *debatable or wrong.*") (emphasis added); *Miller-El*, 537 U.S. at 336 ("The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits.").

Robinson cites *Gonzalez v. Thaler* and *In re Edwards* in support of his assertion that a COA determination is "strictly procedural," (Brief at 15), but neither case supports his argument.  *Thaler*—which held that "a judge's failure to 'indicate' the requisite constitutional issue in a COA does not deprive a court of appeals of subject-matter jurisdiction to adjudicate the habeas petitioner's appeal"—is inapposite.  *See Thaler*, 565 U.S. at 137.  And *Edwards* actually undermines Robinson's assertion, as it emphasizes that "it is extraordinarily difficult to bring a claim of procedural defect rather than a successive habeas claim because procedural defects are narrowly construed." *In re Edwards*, 865 F.3d at 205.  Because "procedural defects are narrowly

construed," *id.*, a COA determination—that is, "a threshold inquiry into the underlying merit of [Robinson's habeas] claims," *Buck*, 137 S. Ct. at 774—would not be "strictly procedural."

Moreover, regardless of whether the district court's denial of a COA was a "strictly procedural" ruling, it was not a ruling that precluded a merits determination of Robinson's ineffective-assistance-of-counsel claim. Robinson argues otherwise, contending that the denial precluded an *appellate* merits-based determination of his claims. (Brief at 16.) However, the very error that Robinson alleges is that the district court and this Court conducted a full-blown merits determination, rather than a threshold merits-inquiry, in denying him a COA. (ROA.86-88.) Therefore, by Robinson's own reckoning, the district court's and this Court's denial of a COA did not preclude appellate review of the merits of his habeas claim.

More importantly, the case law focuses on rulings that preclude *a district court's* merits-based resolution of a habeas application—not rulings that preclude appellate review. *See, e.g., Gonzalez*, 545 U.S. at 534-36 (addressing a challenge to the district court's previous ruling on the AEDPA statute of limitations, which precluded the district court's merits determination of the habeas claim); *Buck*, 137 S. Ct. at 771-73 (addressing Rule 60(b) motion seeking to revisit the district court's denial of a claim as procedurally barred,

17

which precluded the district court's merits determination of the claim). Indeed, the Supreme Court held that "a Rule 60(b) motion that seeks to revisit the federal court's *denial on the merits of a claim* for relief should be treated as a successive petition," whereas one that seeks to revisit rulings that precluded a merits determination, such as "a *denial* for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar" is a true Rule 60(b) motion. *See id.* at 532 & n.4, 534 (emphasis added). And it is the district court that "denies" a habeas claim for relief—not the appellate court, which only "affirms" or "vacates" the district court's judgment. *See, e.g.*, *United States v. Edwards*, 442 F.3d 258, 259 (5th Cir. 2006) (affirming the judgment of the district court denying Section 2255 motion). Robinson points to no authority holding that a ruling that precludes appellate review is the same as a ruling that precludes a merits determination of a habeas claim. Nor does he point to any authority holding that the denial of a COA is a proper basis for a Rule 60(b)(6) motion.

He suggests that *Buck* supports his assertion that the denial of a COA is a proper basis for a Rule 60(b) motion. (Brief at 16.) But *Buck* provides him no such help. In that case, Buck's Rule 60(b) motion sought to reopen the habeas proceedings so that the district court could address the merits of a Sixth Amendment ineffective-assistance-of-counsel claim that the district court had

previously ruled was procedurally barred based on intervening case law that he claimed excused the procedural bar. *See Buck*, 137 S. Ct. at 767. After the district court denied the Rule 60(b) motion, Buck sought a COA to appeal that decision from this Court. *Id.* When this Court denied him a COA, Buck petitioned the Supreme Court for a writ of certiorari, which the Supreme Court granted. *Id.* Thus, *Buck* does not stand for the proposition that a ruling that precludes appellate review is a proper basis for a Rule 60(b) motion, as the Rule 60(b) motion in that case was predicated on the district court's denial of a habeas claim as procedurally barred, which precluded the district court's resolution of the claim on the merits. Nor does *Buck* stand for the proposition that the denial of a COA is a proper basis for a Rule 60(b) motion, as the denial of the COA was not the basis for Buck's Rule 60(b) motion (to the contrary, Buck sought a COA to appeal the denial of the Rule 60(b) motion, not the other way around), and the Supreme Court granted certiorari to review the denial of a COA in Buck's case, whereas, in Robinson's case, the Supreme Court denied certiorari to review this Court's denial of a COA.

In short, this Court's denial of a COA was not a procedural ruling that precluded a merits determination on Robinson's habeas claim. To the contrary, it followed a merits determination. And Robinson's challenge to the district court's and this Court's denial of a COA (many years after this Court

denied a rehearing on the issue and the Supreme Court denied review) is actually a disguised attack on the district court's previous resolution of Robinson's ineffective-assistance-of counsel claim on the merits, which seeks vindication of the claim through a second round of appellate review. As such, it is a second or successive Section 2255 motion.

> **B.** **Robinson's Rule 60(b) contention that the district court erred in denying his request to interview jurors is properly considered a second or successive Section 2255 motion.**

In his Rule 60(b) motion, Robinson sought to reopen the Section 2255 proceedings so that he could interview jurors "to determine what role, if any, racial bias played in his convictions and sentences." (ROA.91.) Because the request necessarily assumes that Robinson will be able to bring a new claim for relief from his conviction, it is properly considered a second or successive Section 2255 motion.

"A habeas petitioner [or Section 2255 movant], unlike the unusual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, Rule 6(a) of the Rules Governing Section 2255 Cases permits discovery "for good cause." Rule 6 of the Rules Governing 28 U.S.C. § 2255; *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014). "A petitioner demonstrates 'good cause' under Rule 6(a) where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate

20

that he is entitled to relief." *Id.* (internal quotation marks and citations omitted). This Court has emphasized that Rule 6 "does not authorize fishing expeditions." *Id.* (citing *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)). Thus, as the district court held, "the only legitimate purpose for which the [district court] could grant [Robinson's] requested discovery [was] for Robinson to present a claim for relief"—specifically, a new claim alleging a violation of his right to an impartial jury under the Sixth Amendment, which was not presented in his original Section 2255 motion and for which Robinson previously conceded he had no evidence. (ROA.158; *see also* ROA.19, 4897.)

Because the merits of Robinson's request to interview jurors is wrapped up with, and dependent on, his ability to bring a new claim for relief from the judgment of his conviction, the district court correctly interpreted the request as a second or successive Section 2255 motion. In the directly applicable words of the Supreme Court, "[u]sing Rule 60(b) to present new claims for relief from a . . . judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez*, 545 U.S. at 531; *see also Blystone v. Horn*, 664 F.3d 397, 430 (3d Cir. 2011) (holding that the prisoner's motion seeking discovery and a subsequent opportunity to amend the petition to add a new

claim or present new evidence in support of three denied claims is a habeas petition under *Gonzalez*). Thus, because Robinson's Rule 60(b) motion "tries to bring new claims under the guise of 'defects in the integrity of the original habeas proceedings that may authorize Rule 60(b) relief,' the district court did not err in transferring his Rule 60(b) motion to [this Court]" to determine whether it can go forward as a second or successive Section 2255 motion. *See In re Edwards*, 865 F.3d at 204.

Robinson disputes the district court's finding that his Rule 60(b) discovery request was sought only to support a new claim. He notes that, in his initial request to interview jurors, he sought to interview a venire person to support his *Batson* claim, and, in footnote 27 on page 94 of his 124-page brief in support of his amended Section 2255 motion, he suggested that he be granted leave to interview jurors to rebut the government's arguments against his ineffective-assistance-of-counsel claim. (Brief at 21-22.) But neither of those requests were the subject of his Rule 60(b) motion. In that motion, Robinson sought a court order giving him "access to jurors from his trial" so that he could "determine what role, if any racial bias played in his convictions and sentences." (ROA.91; *see also* ROA.148-49 (Robinson arguing in his reply brief in support of his Rule 60(b) motion that *Pena-Rodriguez*, a juror-bias case, means that he must be given the tools to investigate juror bias).) Robinson's

Rule 60(b) motion did not seek access to a venire person to support his *Batson* claim, nor did it make any mention of his ineffective-assistance-of-counsel claim. As such, the district court correctly found that Robinson's Rule 60(b) motion sought evidence to support a new claim.

Robinson argues that the reason he did not raise a juror-misconduct claim in his Section 2255 motion was because the district court "prevented" him from doing so and that such a hindrance represents a "defect in the integrity of the habeas proceedings." (Brief at 22.) But the district court did not prevent him from raising a juror-misconduct claim. Robinson certainly had the ability to bring the claim in his original Section 2255 motion or to seek leave to amend his motion to add the claim, but he chose not to because, by his own admission, there was no evidence to support such a claim. (ROA.4897.) The voir dire proceeding, by his own estimation, revealed no juror bias or misconduct, and there was no indication that the jury proceedings had been jeopardized by outside forces such as a baliff's comment or extensive media coverage. (ROA.4897-98.) And despite three years of Section 2255 litigation and the efforts of counsel, which produced hundreds of pages of briefing and more than 80 exhibits in support of his Section 2255 motion, the lack of even a hint of juror impropriety apparently remained. Given that federal courts disfavor post-verdict interviewing of jurors except where there is some showing

of an illegal or prejudicial intrusion into the jury process, *United States v. Riley*, 544 F.2d 237, 242 (5th Cir. 1976), and that, by Robinson's own admission, he could not make that requisite showing, (ROA.4897), Robinson's alleged "inability" to bring a juror-misconduct claim hardly represents a "defect" in the proceedings. To the contrary, the rules and principles governing discovery and a party's access to jurors operated exactly as intended.

Finally, Robinson contends that a Rule 60(b) motion is appropriate even where it seeks discovery for new habeas claims. (Brief at 23.) But he cites no authority supporting such a proposition. The cases he does cite—*Balentine v. Thaler*, 626 F.3d 842 (5th Cir. 2010), and *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007)—merely illustrate the prototypical Rule 60(b) case: The petitioner was challenging the district court's previous ruling denying his ineffective-assistance-of-counsel claim as unexhausted and procedurally barred, without reaching the merits of the claim. *See Balentine*, 626 F.3d at 844-45 (noting that the district court denied the habeas petition because the claims were "unexhausted and procedurally barred," and petitioner's Rule 60(b) motion argued that the state habeas court's subsequent dismissal of his claim exhausted his state-court remedies and removed the procedural bar so that the district court could now address the merits); *Ruiz*, 504 F.3d at 525-26 (noting that the district court denied Ruiz's claim based on procedural default and

failure to exhaust, and, after exhausting his state-court remedies, Ruiz returned to federal court and filed a Rule 60(b) motion asking the court to reconsider its order dismissing his claim for failure to exhaust so that the court could address the merits). Neither *Balentine* nor *Ruiz* held that a Rule 60(b) motion is appropriate where it seeks discovery for new claims. Indeed, *Balentine* emphasized that if the petitioner's Rule 60(b) motion had raised a claim not raised in his original habeas petition, it would have constituted a successive habeas application. *Balentine*, 626 F.3d at 848. And *Ruiz* emphasized that the petitioner was "pursuing his first federal petition," which the district court had not addressed on the merits. *Ruiz*, 504 F.3d at 526. Robinson's Rule 60(b) motion, in contrast, *does* raise a juror-misconduct claim not raised in his original Section 2255 motion, and it *does not* pursue an original Section 2255 motion that was not addressed on the merits.

**C.** **Robinson's Rule 60(b) contention that the district court erred in denying his motion to amend is properly considered a second or successive Section 2255 motion.**

Robinson's Rule 60(b) contention that the district court erred in denying his motion to amend his Section 2255 motion to add a defective-indictment claim is a second or successive Section 2255 motion because it seeks to raise a new claim and because it attacks the district court's merits-based resolution of the proposed claim.

First, Robinson seeks to add a new claim—of a purportedly defective indictment—well after the appellate remedies on the denial of his Section 2255 motion have expired. As other circuits have explained, when a "petitioner files a motion [whether a Rule 60(b) motion or a motion to amend] adding new claims after the district court denied [his] original habeas application on the merits and [he] has lost all opportunities for an appellate remedy," the motion is a second or successive habeas application. *See Clark v. United States*, 764 F.3d 653, 658-59 & n.2 (6th Cir. 2014); *see also United States v. Nelson*, 465 F.3d 1145, 1146, 1148-49 (10th Cir. 2006) (holding that a motion to amend a Section 2255 motion to add three claims—filed after the district court denied the Section 2255 motion and the movant failed to appeal the denial—is a second or successive Section 2255 motion). This rule "naturally flows" from the more general rule illuminated by *Gonzalez*: "When a habeas petitioner files a motion attacking the merits of a conviction or sentence after adjudication of her habeas petition is complete—meaning that the petitioner has lost on the merits and has exhausted her appellate remedies—the motion, irrespective of its characterization, is really a second or successive habeas petition." *Clark*, 764 F.3d at 658 (citing *Gonzalez*, 545 U.S. at 532).

Second, Robinson's Rule 60(b) motion is a second or successive petition because it attacks the district court's merits-based ruling on his proposed

defective-indictment claim.  Robinson claims that the district court's ruling denying his motion to amend was a "strictly procedural" ruling.[2]  (Brief at 34.)  But as he previously acknowledged in the motion itself, an amendment may be denied if the proffered claims are clearly frivolous or legally insufficient on their face.  (ROA.4969, 4972.)  *See also* 6 Wright & Miller, Fed. Prac. & Procedure § 1487 (2d ed. 1990) (noting that leave to amend should be denied "if the court determines that the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face"); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").  And here, the district court's order demonstrates that it denied Robinson's motion to amend because the defective-indictment claim he sought to add was frivolous or legally insufficient on its face.  The court noted that Robinson had "previously claimed, both at his trial on the merits before [the district court] and on direct appeal before the Court of Appeals for the Fifth Circuit, that the government's failure to submit the death penalty aggravating factors to the grand jury

---

[2] In support of that assertion, he cites *Flores v. Stephens*, 794 F.3d 494, 502 (5th Cir. 2015), but *Flores* does not hold that the denial of a motion to amend is necessarily a procedural ruling which does not address the merits of a claim.  And contrary to Robinson's assertions, *Flores* appeared to apply both COA standards—one for determining whether to issue a COA where the district court denies habeas relief on a procedural ground and one for determining whether to issue a COA where the district court denies relief on the merits.  *Id.* at 502.

violated the Indictment Clause of the Fifth Amendment." (ROA.5304.) And, on appeal, "the Fifth Circuit held that 'the failure to charge those factors in an indictment did not contribute to Robinson's conviction or death sentence' and found that the error was harmless." (ROA.5304 (citing *Robinson*, 367 F.3d at 289.) In other words, Robinson had lost his defective-indictment claim on the merits in a legal decision that was binding on the district court. In response to Robinson's argument that two recent Supreme Court decisions—*United States v. Gonzalez-Lopez*, 126 S. Ct. 2557 (2006), and *United States v. Resendiz-Ponce*, 127 S. Ct. 782 (2007)—"cast serious doubt on the viability of the Fifth Circuit's decision," (ROA.4981), the district court held that neither case undermined the Fifth Circuit's opinion, and, in any event, they were not retroactively applicable to cases on collateral review. (ROA.5305.) Thus, in denying Robinson's motion to amend, the district court concluded that his proposed defective-indictment claim was frivolous or legally insufficient on its face.

Robinson, notably, did not seek to appeal that decision. (ROA.54-55 (noting that Robinson sought a COA only for his ineffective-assistance-of-counsel claim decided without an evidentiary hearing.) *Cf. Flores v. Stephens*, 794 F.3d 494, 502 (5th Cir. 2015) (petitioner seeking a COA authorizing him to appeal the district court's denial of his motion to amend). Instead, more than six years after the Supreme Court denied certiorari review, Robinson

sought to attack the district court's merits-based determination regarding the proposed defective-indictment claim in a Rule 60(b) motion. Specifically, he argued that two new Supreme Court cases—*Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017) and *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016)—proved that the Fifth Circuit's decision was wrong.[3] (ROA.96-98.) Because Robinson's Rule 60(b) motion attacks the district court's merits-based resolution of his proposed indictment-error claim, it is a second or successive Section 2255 motion. *Gonzalez*, 545 U.S. at 532.

To hold otherwise would allow Robinson to circumvent AEDPA. As the Supreme Court explained, "a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent [AEDPA's] dictate that the only new law on which a successive petition may rely is a 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* at 531-32.

Moreover, it would also prove a poor fit with Rule 60(b). As this Court has held, "[t]he main application of Rule 60(b) is to those cases in which the true merits of a case might never be considered." *Ruiz*, 504 F.3d at 531-32.

---

[3] Indeed, Robinson's brief in this Court continues his attack on the district court's merits-based decision, adding yet another Supreme Court case—*McCoy v. Louisiana*, 138 S. Ct. 1500 (2018)—that he argues proves that this Court was wrong in holding that the indictment error was not structural and that the district court is no longer bound by that decision. (Brief at 30.)

Here, the merits of Robinson's defective-indictment claim have been considered at multiple stages—in the trial court, (ROA.3357); on direct appeal, *Robinson*, 367 F.3d at 285-89; and by the district court in denying his motion to amend his Section 2255 motion to add the claim, (ROA.5303-07).

In summary, the Court should affirm the district court's construction of Robinson's Rule 60(b) motion as second or successive Section 2255 motion because it either seeks to present new claims for relief or attacks the district court's prior resolution of a claim on the merits.

## CONCLUSION

This Court should affirm the district court's construction of Robinson's Rule 60(b) motion as a second or successive Section 2255 motion.

Respectfully submitted,

Erin Nealy Cox
United States Attorney

*/s/ Gail Hayworth*
Gail Hayworth
Assistant United States Attorney
Texas Bar No. 24074382
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
gail.hayworth@usdoj.gov

Attorneys for Appellee

# CERTIFICATE OF SERVICE

I certify that this document was served on Robinson's counsel through the Court's ECF system on October 23, 2018, and that: (1) any required privacy redactions have been made; (2) the electronic submission is an exact copy of the paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ Gail Hayworth
Gail Hayworth
Assistant United States Attorney

# CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 7,008 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

/s/ Gail Hayworth
Gail Hayworth
Assistant United States Attorney
Date: October 23, 2018