No. 18-10732

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

**IN RE: JULIUS OMAR ROBINSON**
MOVANT

_____

CONSOLIDATED WITH CASE NO. 18-70022

**UNITED STATES OF AMERICA,**
*Plaintiff-Appellee*
v.
**JULIUS OMAR ROBINSON, also known as Face, also known as Scar, also known as Scarface,**

*Defendant-Appellant*

_____

On Appeal from, and Motion for Authorization to File a Second or Successive Section 2255 Motion in, the United States District Court for the Northern District of Texas, Fort Worth Division, Civ. Action No. 4:05-cv-756

_____

**REPLY BRIEF REGARDING ISSUES NOT REQUIRING A CERTIFICATE OF APPEALABILITY**

HILARY POTASHNER
FEDERAL PUBLIC DEFENDER
JONATHAN C. AMINOFF (California Bar No. 259290)
CELESTE BACCHI (California Bar No. 307119)
Deputy Federal Public Defenders
321 East 2nd Street, Los Angeles, California 90012-4202
Telephone: (213) 894-5374; Facsimile: (213) 894-0310
E-mail: jonathan_aminoff@fd.org
Attorneys for Julius Omar Robinson

# CERTIFICATE OF INTERESTED PERSONS

In re Julius Omar Robinson

    *Movant*

No. 18-10732

Consolidated with Case No. 18-70022

United States of America,
*Plaintiff-Appellee*

    v.

Julius Omar Robinson,
*Defendant-Appellant*

The undersigned counsel of record certifies that the following listed persons

and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an

interest in the outcome of this case. These representations are made in order that

the judges of this Court may evaluate possible disqualification or recusal.

1.     Movant-Appellant:
        Julius Omar Robinson
        Reg. # 26190-177
        Terre Haute, IN

2.     Counsel for Movant:
        Hilary Potashner, Federal Public Defender
        Craig A. Harbaugh, Deputy Federal Public Defender
        Jonathan C. Aminoff, Deputy Federal Public Defender
        Celeste Bacchi, Deputy Federal Public Defender
        Office of the Federal Public Defender, Los Angeles, CA

3.     Respondent-Appellee:
        United States of America

4. Counsel for Opponent:
Erin Nealy Cox, United States Attorney
Gail Hayworth, Assistant United States Attorney
Office of the United States Attorney, Dallas, TX

/s/ Jonathan Aminoff
Jonathan C. Aminoff (California Bar No. 259290)
Celeste Bacchi (California Bar No. 307119)
Deputy Federal Public Defenders
321 E. 2nd Street
Los Angeles, CA 90012
Telephone:  (213) 894-5374
Facsimile:  (213) 894-0310
Electronic Mail:  Jonathan_Aminoff@fd.org

*Attorneys for Julius Omar Robinson, Movant-Appellant*

**TABLE OF CONTENTS**

**PAGE**

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

REPLY BRIEF REGARDING ISSUES NOT REQUIRING A CERTIFICATE
OF APPEALABILITY ...................................................................................1

     A.    Issue One: Robinson's Challenge to the COA Denials by the
District Court and This Court Was Appropriately Raised in a Rule
60 Motion and this Motion Was Not a Disguised Second or
Successive Section 2255 Motion..............................................................1

     B.    Issue Two: Robinson's Request to Interview His Trial Jurors was
Appropriately Raised in a Rule 60 Motion and this Motion Was
Not a Disguised Second or Successive Section 2255 Motion ..............5

     C.    Issue Three:  Robinson's Request to Amend His Section 2255
Motion With a Defective-Indictment Claim was Appropriately
Raised in a Rule 60 Motion and this Motion Was Not a Disguised
Second or Successive Section 2255 Motion .........................................7

CONCLUSION ....................................................................................................10

CERTIFICATE OF COMPLIANCE ...................................................................11

CERTIFICATE OF SERVICE ...........................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Blystone v. Horn*,
664 F.3d 397 (3d Cir. 2011) ...............................................................................6

*Buck v. Davis*,
137 S. Ct. 759 (2017)....................................................................................2, 3, 4, 5

*Clark v. United States*,
764 F. 3d 653 (6th Cir. 2014) ..............................................................................8

*Gonzalez v. Crosby*,
545 U.S. 524 (2005)...................................................................................1, 2, 3

*Mayle v. Felix*,
545 U.S. 644 (2005).............................................................................................9

*Miller-El v. Cockrell*,
537 U.S. 322 (2003)..........................................................................................3

*Pena-Rodriguez v. Colorado*,
137 S. Ct. 855 (2017)....................................................................................6, 7

*Reyes-Requena v. United States*,
243 F.3d 893 (5th Cir. 2001) ...............................................................................4

*Robertson v. Cain*,
324 F.3d 297 (5th Cir. 2003) ...............................................................................4

*Ruiz v. Quarterman*,
504 F.3d 523 (5th Cir. 2007) .............................................................................5, 6

*United States v. Hernandes*,
708 F.3d 680 (5th Cir. 2013) ............................................................................1, 2

*United States v. Nelson*,
465 F.3d 1145 (10th Cir. 2006) ............................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*United States v. O'Keefe*,
128 F.3d 885 (5th Cir. 1997) ...............................................................................4

*United States v. Vialva*,
2018 U.S. App. LEXIS 26142 (5th Cir. 2018) ....................................................2

**REPLY BRIEF REGARDING ISSUES NOT REQUIRING A CERTIFICATE OF APPEALABILITY**

When a Rule 60(b) motion does not present a claim for relief, "there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005). The Government, however, urges the Court to adopt a new, bright-line rule stating that if the Rule 60(b) motion presents an issue that may, in the future, lead to the movant raising a new claim for relief, then that motion must be considered a habeas corpus application. There is no support for the Government's position in the caselaw and it is refuted by binding precedent of this Court.

**A.     Issue One: Robinson's Challenge to the COA Denials by the District Court and This Court Was Appropriately Raised in a Rule 60 Motion and this Motion Was Not a Disguised Second or Successive Section 2255 Motion**

Respondent repeatedly argues that the COA denials did not preclude a merits determination of his ineffective-assistance-of-counsel claim because the rulings "*followed* the district court's merits-based ruling on Robinson's ineffective assistance of counsel claim." Answer pp. 14, 19 (emphasis in original). Respondent relies upon *United States v. Hernandes*, 708 F.3d 680, 681-82 (5th Cir. 2013) in support of that argument, but *Hernandes* fails to provide the support Respondent seeks. In *Hernandes*, the decision challenged in petitioner's Rule 60(b) motion was the denial of relief under § 2255, not the denial of a COA—and

1

the 60(b) motion "consisted entirely of his recapitulated [§ 2255 claim]" that was

denied on the merits. *Hernandes*, 708 F.3d at 681. As a result, the ruling that

"precipitated the Rule 60(b) motion" in *Hernandes* was exactly the kind of

relitigation on the merits that is strictly foreclosed in Rule 60(b) litigation.

*Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). In contrast, the COA decisions

at issue here deprived this Court of jurisdiction and merits review, and thus are

properly litigated in a Rule 60(b) motion.

Moreover, "Rule 60(b) motions can legitimately ask a court to reevaluate

already-decided claims—as long as the motion credibly alleges a non-merits defect

in the prior habeas proceedings." *United States v. Vialva*, 2018 U.S. App. LEXIS

26142, *10 (5th Cir. 2018).[1] Here, the "non-merits defect in the prior habeas

---

[1] In *Vialva,* this Court held that the petitioner's claim that the district court misapplied the COA standard was "fundamentally substantive" and therefore an improper second or successive habeas claim. *Vialva*, 2018 U.S. App. LEXIS at *13. Robinson's case is distinguishable from *Vialva* in two respects. First, Vialva was faulted by this Court for "fail[ing] to explain how the error present in *Buck* was also present" in his case. However, unlike the petitioner in *Vialva*, Robinson provided examples of the numerous ways in which the district court and this Court engaged in an improper merits analysis of his ineffective-assistance-of-counsel claim. Appellant's Opening Brief ("AOB") pp. 12-14. Second, much of Vialva's criticism of the district court's COA denial impermissibly piggybacked on previously raised judicial misconduct claims. *See Vialva*, 2018 U.S. LEXIS at *10-11. In contrast, Robinson's argument is the same as the argument successfully raised in *Buck*: the district court and this Court required Robinson to prove he would succeed on appeal before granting him the right to appeal. AOB pp. 12-14. As *Buck* clearly establishes, this approach was wrong. *Buck*, 137 S. Ct. at 773.

proceedings" was the denial of appellate jurisdiction caused by the district court and this Court engaging in "ultimate merits determinations [that] the [courts] should not have reached." *Buck v. Davis*, 137 S. Ct. 759, 774 (2017). As the United States Supreme Court explained in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), "§2253(c)(1)'s plain terms—'Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals'— establish that 'until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners.'" *Id.* at 336. By "essentially decid[ing] the case on the merits" in direct contravention of the COA standard of review, *Buck*, 137 S. Ct. at 774, the COA denials erroneously deprived this Court of appellate jurisdiction. Denial of a COA is therefore akin to other procedural rulings (e.g., expiration of the statute of limitations under AEDPA, which typically deprives a district court of the power to hear a case, absent a grant of equitable tolling) that preclude a merits determination and may be challenged via a Rule 60(b) motion. *Gonzalez*, 545 U.S. at 532 nn. 4, 5.

The Government does not deny Robinson's assertion that the district court and this Court engaged in an improper COA analysis. Rather, he argues that Robinson was not improperly deprived of merits review of his ineffective-assistance-of-counsel claim because "the very error that Robinson alleges"—that the courts engaged in merits review rather than the "debatable" COA standard—

3

gave Robinson the merits review of his claim that he now seeks. Answer p. 17. The Government also argues that this denial of merits review is somehow permissible because a circuit court of appeal "only 'affirms' or 'vacates' the district court's judgment"—without actually "granting" or "denying" relief on any habeas claim. Answer p. 18. But that assertion must come as some surprise to this Court, considering how routinely it engages in *de novo* review of habeas claims. *See United States v. O'Keefe*, 128 F.3d 885, 894 (5th Cir. 1997) (explaining that *de novo* review means that the Court "undertake[s] an independent appellate analysis to determine whether the facts found by the trial court rise to the level of the applicable legal standard"); *Robertson v. Cain*, 324 F.3d 297, 301 (5th Cir. 2003) (discussing when de novo review is applied in § 2254 habeas cases); *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001) (discussing when de novo review is applied in § 2255 cases).

Finally, the Government also claims that a COA decision cannot be procedural because by definition it involves a "threshold" merits analysis. *Id.* at 16-17. However, the Supreme Court in *Buck* made clear that there is a distinct difference between a claim being "meritorious" and a claim being "debatable." *Buck*, 137 S. Ct. at 773-74. And the Supreme Court has plainly stated that "invert[ing] the statutory order of operations and 'first decid[ing] the merits of an

appeal, . . . then justif[ying] its denial of a COA based on its adjudication of the actual merits'" is "flatly prohibit[ed]." *Id.* (quoting *Miller-El*, 537 U.S. at 336-37).

That is the bottom line in this case: the district court and this Court applied a COA standard of review that is prohibited by long-established Supreme Court jurisprudence. By placing too heavy a burden on Robinson at the COA stage, Robinson was deprived of his right to have this Court engage in a proper merits analysis on appeal of his claim. A challenge to improper COA analysis is properly raised in a Rule 60(b) motion, and the district court erred in finding otherwise.

**B.      Issue Two: Robinson's Request to Interview His Trial Jurors was Appropriately Raised in a Rule 60 Motion and this Motion Was Not a Disguised Second or Successive Section 2255 Motion**

In his opening brief, Robinson cited to *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007), as an example of a case where the movant validly moved under Rule 60(b) to reopen his case, and later raised new claims for relief. AOB p. 23. The Government contends that *Ruiz* is inapposite because the motion did not seek discovery for new claims and *Ruiz* was pursuing his first federal petition. Robinson is also pursuing his first section 2255 motion; the focus of the Rule 60(b) motion is challenging procedural rulings that deprived Robinson of an ability to have portions of his first (and only) section 2255 motion decided on their merits. More importantly, the Government's analysis does not address the fact that after Ruiz's Rule 60(b) motion was granted, Ruiz was permitted to litigate his habeas

petition, was granted an evidentiary hearing, put on new evidence, and raised new claims. *See Ruiz*, 504 F.3d at 911 and 953-55 (discussing a new basis for an ineffective assistance claim raised after the Rule 60(b) was granted). Indeed, the granting of Ruiz's Rule 60(b) motion put Ruiz back in the position he would have been in had the district court never issued its erroneous procedural decision. That is exactly the same relief Robinson is seeking via his Rule 60(b) motion.

The Government cites *Blystone v. Horn*, 664 F.3d 397 (3d Cir. 2011) for the proposition that a post-judgment motion seeking to admit newly discovered evidence in response to a claim that was previously denied constitutes a second habeas petition. Answer p. 21. As an initial matter, *Blystone* is not a Rule 60(b) case; it actually concerns a post-judgment motion filed under Rule 59(e). Regardless, this case is not particularly elucidating because Robinson is not seeking to add evidence to support a previously denied claim. Robinson seeks only the discovery that he was erroneously denied.

The Government asserts that federal courts disfavor post-verdict interviewing of jurors. Answer pp. 23-24. More accurately, the particular locale where Robinson was tried, the Northern District of Texas, disfavors post-verdict juror interviews. Indeed, in the Western District of Texas, the local rules contain no prohibition on post-verdict interviews. And in *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017), the Supreme Court addressed the "practical mechanics of

acquiring and presenting [evidence of juror bias]" and obtaining such evidence "will no doubt be shaped and guided by state rules of professional ethics and local court rules, both of which often limit counsel's post-trial contact with jurors." *Id.* at 869. Far from disfavoring post-verdict juror interviews, the Supreme Court urges practicality, not an outright ban as in the Northern District of Texas. *See* Local Criminal Rule 24.1 (preventing *any* contact between the parties and a juror absent permission of the court).

The Government argues that the "rules and principles governing discovery and a party's access to jurors operated exactly as intended" in this case. Answer p. 24. If the intention is to limit Robinson's ability to adequately investigate his conviction and death sentences, then the Government is correct. The Government notes that Robinson has no specific indication of juror misconduct. Answer p. 23. Similarly, the trial proceedings in *Pena-Rodriguez* did not establish that any misconduct had occurred. In fact, it was not until Pena-Rodriguez's defense counsel spoke with the jurors post-trial that the evidence of misconduct emerged. *Pena-Rodriguez*, 137 S. Ct. at 861. Robinson seeks this same opportunity.

**C.    Issue Three: Robinson's Request to Amend His Section 2255 Motion With a Defective-Indictment Claim was Appropriately Raised in a Rule 60 Motion and this Motion Was Not a Disguised Second or Successive Section 2255 Motion**

With regard to Robinson's challenge to the denial of his motion to amend his indictment-error claim, the Government argues that this is somehow both a "new

claim" and an attempt to relitigate the district court's merits-based resolution of the claim that was previously raised on appeal. Answer pp. 26, 29. Both contentions are misguided.

First, Robinson does not seek to file a new claim, and the Government's reliance on out-of-circuit caselaw in support of that argument is unavailing. The Government points to *Clark v. United States*, 764 F. 3d 653, 658-59 & n. 2 (6th Cir. 2014) and *United States v. Nelson*, 465 F.3d 1145, 1146, 1148-49 (10th Cir. 2006), which held that a motion to amend a § 2255 motion—filed after the § 2255 motion was denied and the movant failed to appeal the denial—amounted to a second or successive § 2255 motion. However, those holdings are inapposite to Robinson's case, because Robinson moved to amend *before* the § 2255 motion was denied. ROA.4981-83; 5303-07; 5712-5758; 5945-55. Indeed, *Clark* recognized that "[a] motion to amend is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § 2255 motion is complete—i.e., before the petitioner has lost on the merits and exhausted her appellate remedies." *Clark*, 764 F.3d at 658 (citations omitted).

Second, the Government's argument that Robinson is improperly attacking the district court's "merits-based ruling" on his proposed defective-indictment claim is predicated on the incorrect assumption that the motion to amend was denied because it was "frivolous or legally insufficient on its face." Answer p. 27.

8

Yet as Robinson explained in his opening brief, the district court's denial of leave to amend was based in large part on this Circuit's rule that bars § 2255 litigants from raising claims that were previously denied on appeal. ROA.5304-05. The Government does not address this ruling, which was essentially a "law of the case" determination; nor does the Government address Robinson's argument about the exceptions to that rule. AOB pp. 31-32.

Moreover, simply calling the denial of a motion for leave to amend a "merits-based ruling" does not make it so. Like the district court below, the Government cites to no authority for the proposition that the denial of a motion for leave to amend is a "merits-based ruling" that cannot be challenged under Rule 60(b). And the Government provides no contrary authority for the discussion in *Mayle v. Felix*, 545 U.S. 644, 655 (2005) or the strictures of the Federal Rules of Civil Procedure (e.g., Rule 15 and Rule 81(a)(2)) which establish that motions to amend are rooted in procedural analysis. As Robinson argued below and in his opening brief, there is no basis for treating a motion for leave to amend any differently from other procedural rulings that preclude merits review and therefore are properly challenged in the Rule 60(b) context.

**CONCLUSION**

For the foregoing reasons, this Court should reverse the District Court's

order to transfer this case and remand Robinson's motion for further proceedings.


Respectfully submitted,

HILARY POTASHNER
Federal Public Defender


DATED:  November 2, 2018          By */s/ Jonathan Aminoff*
                                          JONATHAN C. AMINOFF
                                          CELESTE BACCHI
                                          Deputy Federal Public Defenders

                                          Attorneys for Movant-Appellant
                                          Julius Omar Robinson

## CERTIFICATE OF COMPLIANCE

I hereby certify that: (1) this reply brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because it contains 2,311 words; and (2) this reply brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman size 14 font.


DATED: November 2, 2018  */s/ Jonathan C. Aminoff*
JONATHAN C. AMINOFF


## CERTIFICATE OF SERVICE

I certify that on November 2, 2018, I electronically filed the foregoing document in the Fifth Circuit Court of Appeals using the Court's electronic case filing system.


*/s/ Jonathan C. Aminoff*
**JONATHAN C. AMINOFF**